145 So. 504

## SMITH v. STATE.
### 6 Div. 272.

Court of Appeals of Alabama.
Jan. 10, 1933.

Hubert E. Mitchell and Verbon E. Owen, both of Cullman, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted, generally, under an indictment consisting of two counts, one charging the offense of burglary, and the other grand larceny.

There was ample evidence tending to prove the corpus delicti.

Other than the evidence which we have held to be sufficient to establish the corpus delicti, the only other testimony in the case, upon which the verdict of conviction was returned, was that of a confession by appellant.

The rule as to the admission of testimony as to confessions is too well known to need repetition here. Suffice to say that it was not violated in the instant case.

Appellant's single contention was, and is, that the testimony as to his alleged confession was inadmissible because he was drunk or intoxicated at the time it was alleged to have been made. But the testimony on this point was conflicting.

The rule, as we understand it, is that intoxication less than mania does not exclude a confession made during its continuance; if claimed and proved, it only goes to the weight and credibility to be accorded by the jury to the said confession. See 16 C. J. 729; Eskridge v. State, 25 Ala. 30; and Bell v. United States, 60 App. D. C. 76, 47 F.(2d) 438, 74 A. L. R. 1098.

"The corpus delicti being otherwise established, a conviction may be had on the prisoner's confession alone, if free, voluntary, and satisfactorily proved." Mose v. State, 36 Ala. 211.

The case seems to have been tried in all respects according to the applicable rules of law. We discover nowhere a prejudicially erroneous ruling, and the judgment of conviction is affirmed.

Affirmed.