86 So.2d 848

**Ex parte W. G. SPEARS, Jr.**

5 Div. 637.

Supreme Court of Alabama.

April 12, 1956.

Spears in a suit by Mrs. Ara Allen. A motion for a new trial was duly made and continued from time to time until November 28, 1955 when it was heard and taken under advisement. On December 13, 1955 the judge overruled the motion. On January 9, 1956, ex mero motu, he set aside the order of December 13, 1955 and granted plaintiff's motion to set aside the verdict of the jury, granted a new trial and restored the cause to the trial docket. On January 31, 1956 defendant Spears filed a motion to set aside the order and judgment of January 9, 1956 on the ground that they are void; and on the same day the judge overruled the motion.

J. Thaddeus Salmon, Montgomery, and Dempsey & Hardegree, Ashland, for petitioner.

We observe that the order sought to be vacated granted plaintiff's motion for a new trial and restored the cause to the docket for another trial. A refusal of the court to set aside such order on the ground that it is void is reviewable by mandamus. It does not put an end to the cause. Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116. Such being the nature of the instant proceeding, it is proper to have the review by mandamus as here sought. See, Sadler v. Sessions, 261 Ala. 323(4), 74 So.2d 425.

The judge has filed a demurrer to the petition and an answer in the alternative, but has not submitted brief and has indicated a purpose not to do so. In substance the answer is no more than an admission of the facts alleged. It is evident that the judge was of the opinion that when he overruled the motion for a new trial on December 13, 1955 he could, in the exercise of his discretion, vacate it within thirty days thereafter and then grant the motion upon the idea that he had discretionary authority to do so under sections 114 and 119, Title 13, Code. But the discretionary power of the judge over a final judgment within the term of thirty days has no application except to judgments by default or nil dicit. See, Ex parte State, ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560. If it applied to motions when trials have been had, sections 214 and 764, Title 7, Code, would not have the scope which was intended. Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513.

Will O. Walton, for respondent.

PER CURIAM.

This is a petition for mandamus to require the trial judge to set aside and vacate a certain order made by him granting a new trial.

On August 18, 1955 a verdict and judgment were rendered in favor of defendant

When the judgment is not one of default or its equivalent, but results from a trial, the power of the court to be exercised within thirty days, section 119, Title 13, Code, must be duly invoked and the judgment can be set aside only for good cause shown which would be reviewable on appeal under section 214 or 764, Title 7, Code.

Since the law does not give a judge, after final judgment following a trial, discretionary power to set aside an order made by him, in which he overruled a motion for a new trial, his attempt to do so ex mero motu is not operative and should be vacated. Therefore the writ of mandamus should issue as prayed for.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Mandamus awarded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.