158 So.2d 684

**Frank HARRIS**

v.

**STATE.**

**3 Div. 158.**

Court of Appeals of Alabama.

Nov. 26, 1963.

Horne, Webb & Tucker, Atmore, and H. C. Rankin, Brewton, for appellant.

Richmond M. Flowers, Bernard F. Sykes, Asst. Atty. Gen., and Roy E. Hicks, Legal Research Aide, Montgomery, for the State.

PRICE, Presiding Judge.

Appellant was convicted of the offense of illegal possession of prohibited liquors. Title 29, Sec. 98, Code 1940.

The affidavit charged and the proof showed two prior convictions. The jury elected not to assess a fine. The court imposed a sentence at hard labor for twelve months. Title 29, Sec. 99, Code, supra.

The evidence for the state tends to show that law enforcement agents of the Alabama Beverage Control Board executed a search warrant by searching the premises of defendant and found sixty-four gallons of "moonshine" whiskey in one gallon jugs in a pick-up truck parked in defendant's back yard. More than six hundred empty one gallon jugs were stacked under an open shed near the truck and against the side of the house.

The defendant was at home. He denied ownership or knowledge of the existence of the whiskey. In fact, he denied that the liquid found by the officers was whiskey. He told the officers the truck belonged to his son, John. Defendant operates a restaurant, called Frankie and Johnny's place, seventy-five or one hundred yards

from his residence, and on the same premises.

Testifying as a witness in his own behalf, defendant stated the truck was his, but the license tag was purchased in his son's name to avoid any liability for damage his young son might cause by reckless driving. The truck had not been used for some time. He denied telling the officers the truck belonged to his son. He disclaimed any knowledge of the whiskey and said the empty jugs belonged to his son who had gathered them.

The state's evidence was to the effect that tracks from the truck in question could be seen, while defendant contended the tracks indicated another vehicle had driven into his yard, backed up to his parked truck and had driven away. He also introduced testimony to the effect that one Moye had threatened to "fix" the defendant.

Several pictures showing defendant's yard, the location of a tenant house and various other objects were introduced in evidence by defendant but they have not been forwarded for our view. There was evidence that there were three roads leading from the public road into the yard where the truck was parked and that the public frequented the premises for one purpose or another.

■ The evidence presented questions for the jury's determination and was sufficient to sustain the verdict. The court's rulings denying the motion to exclude the evidence, refusing the affirmative charge and overruling the motion for a new trial were without error.

■ The motion for new trial on the ground of newly discovered evidence was properly overruled. No affidavits were submitted in support of the motion, and no hearing was had on the motion. Stone v. State, 243 Ala. 605, 11 So.2d 386.

■ The following unnumbered written charge was given at the request of defendant:

"The Court charges the jury, if the jury upon considering all of the testimony, have a reasonable doubt about the defendant's guilt, arising out of any part of the evidence, they should find the defendant not guilty."

This charge fairly and substantially covered the two unnumbered requested charges and requested charges numbered 10A, 10B, and 10E, which were refused to defendant.

Other refused charges embodied incorrect principles of law.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.