160 So.2d 879

**Ex parte STATE FARM MUTUAL AUTO-MOBILE INSURANCE COMPANY.**

George Pirkle, pro se.

Richmond M. Flowers, Atty. Gen., and Peter M. Lind, Asst. Atty. Gen., for respondent.

**4 Div. 187.**

Supreme Court of Alabama.

Feb. 13, 1964.

Joe C. Cassady, and Kenneth T. Fuller, Enterprise, for petitioner.

Tipler & Fuller, Andalusia, and G. A. Lindsey, Elba, for respondent.

COLEMAN, Justice.

This is a petition for mandamus to require the trial judge to set aside a final judgment which was rendered for plaintiff, after the court had granted, ex mero motu, a new trial to plaintiff in an action at law for damages.

Petitioner was not a party to the original action at law but is a party respondent in a

suit in equity wherein plaintiff in the original action seeks to compel petitioner to pay the judgment which plaintiff had thus obtained against one of the defendants in the action at law. The suit in equity appears to be based on § 12, Title 28, Code 1940, as amended.

On the first trial of the action at law, verdict was returned for one defendant and against the other defendant, but the jury assessed plaintiff's damages against the other defendant at "0" dollars, that is to say, nothing. In effect, the verdict was for both defendants. Judgment was entered in accord with the verdict on May 13, 1963.

On June 3, 1963, plaintiff filed her motion for new trial and on the same day the court denied the motion.

On June 19, 1963, the court, ex mero motu, set aside the order denying the motion for new trial and granted a new trial to the plaintiff as against petitioner's insured.

On June 21, 1963, the court rendered judgment in favor of plaintiff and against petitioner's insured for ten thousand dollars.

On September 30, 1963, petitioner filed in the trial court a motion to expunge the judgment of June 21, 1963, on the ground that the judgment was void because the trial court, on June 19, 1963, had lost all power over the judgment which had been rendered on May 13, 1963, and, therefore, the order of June 19, 1963, granting a new trial was void, and the purported judgment of June 21, 1963, was also void on the face of the record. The motion to expunge was denied October 25, 1963. This denial is the ruling now complained of.

§ 119, Title 13, recites in pertinent part that:

". . . . after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day . . . ."

A motion for new trial had been seasonably filed by plaintiff in the case at bar, but the court acted on that motion and disposed of it on June 3, 1963. No other motion was filed. According to the statute, the power of the court over the judgment rendered May 13, 1963, ended after the lapse of thirty days from May 13, 1963. Petitioner argues that the purported judgment granting a new trial, entered June 19, 1963, was entered by a court which had no jurisdiction to enter the order; that, consequently, the order of June 19, 1963, is void; that the purported judgment of June 21, 1963, is also void on its face; and that the court erred in overruling the motion to expunge the judgment of June 21, 1963.

Petitioner relies on Ex parte Spears, 264 Ala. 256, 86 So.2d 848, where this court held that the refusal of a court to set aside an order granting a motion for new trial was reviewable by mandamus because an order granting a new trial does not put an end to the cause, citing Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116, where the proper method of review in such cases was carefully considered. There the court said:

"There seems to be no conflict in our cases as to the proper mode of review where the trial court has refused to vacate the original decree. The remedy is by appeal. (Citations Omitted.)

"The decree from which the appeal was taken in this case does not have the effect of reinstating the original cause. It merely declared the original decree null and void in so far as it affected the deceased respondent—cross-complainant, A. W. Woodham—and his estate. We are of the opinion, therefore, that appeal is the proper mode of review in this case. The petition for mandamus, therefore, need not be considered." (244 Ala. at page 541, 14 So.2d at page 119)

In Cleveland v. Cleveland, 263 Ala. 530, 83 So.2d 281, this court held that, where the trial court denied a motion to vacate an allegedly void judgment rendered in an action for libel, an appeal was the proper remedy to review the order which denied the motion to vacate.

See to like effect: McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885; Claunch v. Entrekin, 272 Ala. 35, 128 So.2d 100. In Holden v. Holden, 273 Ala. 85, 134 So.2d 775, this court points out that mandamus is the proper method of review where the effect of the refusal to vacate an allegedly void decree is to restore the original cause for further proceedings; but, where the refusal to vacate an allegedly void decree does not reinstate the cause for further proceedings, then the method of review is by appeal.

In Ex parte Spears, supra, the refusal to vacate the order granting a new trial restored the cause to the docket for another trial. The proper method of review was by mandamus.

In the case at bar, the refusal to vacate the final judgment of June 21, 1963, did not reinstate the cause for further proceedings, and the proper method of review is by appeal.

In Spears, petitioner sought to review the refusal to vacate an order granting a new trial. Here, petitioner seeks to review the refusal to vacate a final judgment, and appeal, not mandamus, is the correct method of review.

It is established that mandamus will not be granted where petitioner has an adequate remedy by appeal. Ex parte Carroll, 272 Ala. 353, 131 So.2d 676, and authorities there cited.

We are of opinion that the rule nisi was improvidently issued and should be discharged.

Writ denied.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.