172 So.2d 533

**STATE FARM MUTUAL INSURANCE COMPANY**

v.

**Mattie M. SENN, as Administratrix, et al.**

**4 Div. 194.**

Supreme Court of Alabama.

March 4, 1965.

Joe C. Cassady and Kenneth T. Fuller, Enterprise, for appellant.

G. A. Lindsey, Elba, and Tipler & Fuller, Andalusia, for appellees.

LAWSON, Justice.

On July 6, 1962, Mattie M. Senn, as administratrix of the estate of Euell Senn, filed suit in the Circuit Court of Covington County against Carlton H. Howell to recover damages for the death of her intestate.

On August 9, 1962, the plaintiff amended her complaint by adding Milton Cain, d/b/a Milton Cain Plumbing & Electric Company, as a party defendant and by striking the counts of the original complaint and substituting Counts One-A and Two-A.

On September 19, 1962, plaintiff obtained a default judgment against the defendant Howell. Thereafter the cause was transferred to the jury docket. The defendant Cain, without waiving his plea in abatement as amended, previously filed, interposed the plea of the general issue. On May 13, 1963, trial was had against defendant Cain and writ of inquiry was had as to defendant Howell.

The jury returned a verdict in favor of the defendant Cain and against the defendant Howell, but assessed plaintiff's damages against Howell at "0" dollars, that is to say, nothing. Judgment was entered in accord with the verdict on May 13, 1963.

On June 3, 1963, plaintiff filed her motion for new trial and on the same day the court denied the motion.

On June 19, 1963, the court, *ex mero motu*, set aside the order denying the motion for new trial and granted a new trial to the plaintiff as against the defendant Howell.

On June 21, 1963, after a jury demand was struck, the following judgment entry was made:

"On this June 21, 1963, in open Court came the parties with their attorneys, and by consent of plaintiff and defendant made in open court on this day, the Jury trial heretofore demanded

**510**

having been heretofore waived by consent of both parties, this cause is tried by the Court without the intervention of a jury, and the Court by consent of both parties, on this day, entered a judgment in favor of the plaintiff and against the defendant, Carlton H. Howell, for the sum of $10,000.00.

"It is, therefore, ordered and adjudged by the Court that plaintiff do have and recover of the defendant the sum of Ten Thousand and 00/100 ($10,000.00) Dollars the amount of damages as so assessed by the Court, and all court costs in this cause created, for the recovery of which, let execution issue."

On September 30, 1963, State Farm Mutual Automobile Insurance Company filed in the trial court a motion to expunge the judgment of June 21, 1963, on the ground that the judgment was void because the trial court, on June 19, 1963, had lost all power over the judgment which had been rendered on May 13, 1963, and, therefore, the order of June 19, 1963, granting a new trial was void, and the purported judgment of June 21, 1963, was also void on the face of the record.

In its motion to expunge, State Farm Mutual, which was not a party in the original suit, alleged that it was a party respondent in a suit in equity wherein plaintiff in the original action seeks to compel State Farm Mutual to pay the judgment which plaintiff had obtained against the defendant Howell on June 21, 1963.

The motion to expunge was denied on October 25, 1963.

Thereafter State Farm Mutual sought relief in this court by way of mandamus. We granted the alternative writ or rule nisi.

However, after the cause was submitted here for decision, we concluded that the rule nisi had been improvidently issued and should be discharged in that mandamus was not the proper remedy. Ex parte State Farm Mut. Auto. Ins. Co., 276 Ala. 263, 160 So.2d 879. After our holding in the case just cited, State Farm Mutual took this appeal from the order or judgment of October 25, 1963, refusing to expunge or set aside the judgment of June 21, 1963.

Submission here was on the merits and on appellee's motion to dismiss the appeal.

### Motion to Dismiss

The two grounds of the motion read:

"1. That said appeal is improvidently taken.

"2. That it is apparent from the record that the appellant was not a party to the suit in which the judgment complained of by it was rendered and the identical question raised on appeal is presently pending in the Circuit Court of Covington County, Alabama, in a cause wherein appellant and appellee are parties; that this case is at issue between appellant and appellee, and no final decree rendered by the trial court."

The two grounds of the motion are argued together. Appellee says that since our decision in Ex parte State Farm Mut. Auto. Ins. Co., supra, the appellant, State Farm Mutual, has filed an answer and cross bill in the equity suit whereby it seeks "to obtain a declaratory judgment setting aside the judgment of June 21, which is here made the basis of this appeal." It is also said in appellee's brief that issue has been joined upon the allegations of State Farm Mutual's cross bill. Based on these assertions, appellee insists that this appeal should be dismissed and the questions sought to be determined on this appeal should await an appeal from a final decree in the equity proceeding. We do not agree. The fact that the same questions could be presented on an appeal from a decree of the equity court should not operate to deprive State Farm Mutual of the right to proceed in the manner indicated in Ex parte State Farm Mut. Auto. Ins. Co., supra. It is not con-

tended that the appeal should be dismissed for any reason other than that indicated. Since there is no merit in the argument advanced by appellee for the dismissal of the appeal, the motion to dismiss is overruled.

## MERITS

■ Whether the judgment of June 19, 1963, be characterized as an amendment of the judgment of June 3, 1963, is immaterial. The trial court had no power or authority on June 19, 1963, to alter the provisions of the judgment of June 3, 1963. Apparently the trial judge was of the opinion that when he overruled the motion for a new trial on June 3, 1963, he could, in the exercise of his discretion, vacate it within thirty days thereafter and then grant the motion for new trial as to one defendant upon the idea that he had discretionary authority to do so under § 119, Title 13, Code 1940. But this discretionary power has been held not to be in a judge for a period of thirty days after denying a motion for a new trial. Ex parte Spears, 264 Ala. 256, 258, 86 So.2d 848, 849. In the case last cited we said:

"Since the law does not give a judge, after final judgment following a trial, discretionary power to set aside an order made by him, in which he overruled a motion for a new trial, his attempt to do so ex mero motu is not operative and should be vacated. * * *"

■ Under the circumstances here presented, the plaintiff, Mrs. Senn, and the defendant Howell could not confer jurisdiction on the trial court by consent or waiver to enter the judgment of June 19, 1963. Pate v. State, 244 Ala. 396, 14 So.2d 251.

The action of the trial court taken on June 19, 1963, was *coram non judice*, and the judgment rendered on that date is void. Nickens v. State, 31 Ala.App. 297, 15 So.2d 633.

■ State Farm Mutual was a stranger to the suit brought by Mrs. Senn, as administratrix, against Cain and Howell and, hence, appellee says that State Farm Mutual was not entitled to have the judgment of June 19, 1963, expunged on its motion. That position is untenable, since the judgment sought to be expunged was void on the face of the record. In our recent case of Aiello v. Aiello, 272 Ala. 505, 508, 133 So.2d 18, 20, we said: "If a judgment, on the face of its own record is absolutely void, it is a nullity, and the court, on motion of a stranger, may purge the records of the court of such void and impertinent matter."

■ Appellee says that State Farm Mutual is estopped from taking action to expunge the judgment of June 19, 1963, because "State Farm had abandoned Howell and refused to give him a defense in this action at law on the basis that he was not an insured of theirs." Without indicating that we think the principle of estoppel would have any application if the record showed the quoted statement to be correct, it is sufficient to say that the record before us does not indicate whether State Farm refused to defend Howell or not, and the rule is well settled that we cannot consider statements in brief not supported by the record. Logan v. O'Barr, 271 Ala. 94, 122 So.2d 376, and cases cited.

We hold that the judgment of June 19, 1963, is void on the face of the record and should have been expunged on motion of State Farm Mutual. It follows that the judgment appealed from is reversed and the cause is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.