179 So.2d 178

Terry F. SPANN

v.

STATE.

4 Div. 510.

Court of Appeals of Alabama.

Aug. 31, 1965.

Rehearing Denied Oct. 5, 1965.

J. Hubert Farmer and W. G. Hardwick, Dothan, for appellant.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

CATES, Judge.

From a conviction of second degree murder carrying a fifteen-year sentence, Spann appeals. The parties argued orally and submitted the cause November 5, 1964.

Two questions present themselves: (1) rulings reinstating and then refusing a motion for new trial; (2) the sufficiency of the evidence.

I.

Terry Spann was indicted for slaying his older brother, Clarence, by shooting him with a shotgun.

Viewed from verdict, Terry walked up to Clarence with a shotgun and fired it at close range. Another brother and Clarence had earlier had a quarrel with Terry.

The defense was twofold: self-defense and unavoidable accident.

II.

December 5, 1963, the defendant presented the motion for a new trial. The trial judge denied it that day. The main ground

was that a juror should have made himself a witness. Code 1940, T. 30, § 7.[1]

Ex mero motu, the court, on December 11, set aside the order denying the motion.

December 20 the defendant moved the court to set aside his order of December 11 on the ground that it was void.

On December 30, on this motion of the defendant, the trial judge vacated his order of December 11. He concluded with a recital that he had "ordered a hearing on said motion [for new trial], same being rejected by the defendant."

We consider the "hearing" ordered by the court below and "rejected by the defendant" to be the hearing set in the order of December 11. This was scheduled for 10:00 A.M., January 9, 1964.

The movant must submit supporting affidavits one day before argument of newly discovered evidence.[2] No such affidavits appear in the record. Hence, the trial judge did not abuse his discretion when he originally denied the motion on December 5. Stone v. State, 243 Ala. 605, 11 So.2d 386; Harris v. State, 42 Ala.App. 208, 158 So.2d 684.

That the trial judge restored the motion might, under Ex parte Spears, 264 Ala. 256, 86 So.2d 848 (Hn. 4),[3] be deemed error, nevertheless, if so, it was favorable error.

### III.

We have carefully reviewed the entire record as required by the statute, Code 1940, T. 15, § 389. From this examination no error of law appears.

The cause was for the jury to choose between conflicting tendencies of the evidence. The trial judge fully instructed the jury.

The judgment below is

Affirmed.

---

1. Code 1940, T. 30, § 7: "If a juror has personal knowledge respecting any fact in controversy, he must declare it in open court during the trial; and if, during the retirement of the jury, a juror declares a fact as of his own knowledge, which could be evidence in the cause, the jury must forthwith return into court, and such juror must in either case, be sworn and examined as a witness in the presence of the parties."
2. Code 1940, T. 7, § 276, in part: "On motion filed within thirty days from entry of judgment a new trial may be granted in the following causes: * * * "Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."
3. "Since the law does not give a judge, after final judgment following a trial, discretionary power to set aside an order made by him, in which he overruled a motion for a new trial, his attempt to do so ex mero motu is not operative and should be vacated. * * *" The writer of this opinion is far from sure as to what Judge Foster intended.