207 So.2d 138

**Jack WINN**

**v.**

**STATE.**

**3 Div. 277.**

Court of Appeals of Alabama.

Feb. 6, 1968.

Wm. J. Fuller, Jr., Montgomery, for appellant.

**272**

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Montgomery County, Alabama, during the July Term, 1967, for the offense of forgery. Upon a plea of not guilty, appel-

lant, represented by court-appointed counsel, was tried by a jury and found guilty as charged and sentenced to two years in the State penitentiary. He now makes this appeal.

William Kollister, Manager of the Am-Vets Club in Montgomery, testified that on April 20, 1967, appellant came into the Am-Vets Club and asked Kollister to cash a $20.00 check; that the check was made on the First National Bank of Montgomery; that the check was made to the order of appellant; and that it was signed by one Bobby S. Brown as maker. Kollister further testified that he asked appellant to endorse the check, which appellant did; and that appellant purchased a "half pint of bourbon and a coke, and put the rest of the money in his pocket." Kollister stated that the check was subsequently returned by the bank stamped, "Signature does not agree with one on file." Having received no money for the check, Kollister said that he tried to collect "four different times from Jack Winn." (appellant). Asked whether or not appellant said anything to him with reference to the signature on the check, Kollister said, "The only thing he said to me when I brought the check out [was] * * * 'Yes, I know, it's not Bobby's check.' " Kollister further stated that appellant ultimately reimbursed him for the loss which he allegedly suffered but that it was after he had sworn out a warrant for appellant's arrest.

Mr. Bobby S. Brown testified that the appellant was at one time an employee of his. Brown stated on direct examination that he had never authorized appellant to sign his (Brown's) name on a check and that the signature on the check which was allegedly cashed by Kollister for appellant was not his signature.

City Policeman C. L. King on direct examination testified that he interrogated appellant on the night of May 17 subsequent to his arrest; that prior to the interrogation he advised appellant that he did not have to make a statement; that any statement he made might be used in a court of law against

him; that he had a right to an attorney; and that if appellant could not afford one, one would be appointed for him. King stated that no promises were made to appellant; that he was not threatened or coerced in any way; that he was offered no reward or hope of reward; that no one else present threatened or coerced him in any way; and that no one else offered any reward or hope of reward. Officer King then testified to a statement made by appellant in which appellant stated that he went to the AmVets Club on April 20, 1967; that he was drunk at the time; that he "had a check already made out and gave it to a waitress named Eloise and she went and cashed the check and gave me the money for it." Appellant admitted forging Bobby S. Brown's name on the check. Officer King said further that appellant did not want a lawyer at the time of the interrogation.

It appears from the record that during the testimony of the State's first witness the following conversation took place:

"A JUROR: I for one noticed that before the trial we were not asked if we had been on a jury in the past, or did any of us know the defendant, had business with him, or attorneys, or anything. I don't know whether it is mandatory.

"THE COURT: No, it is not mandatory. Neither one of them asked it.

"A JUROR: I recognized Mr. Winn. He worked for me one time.

"THE COURT: That wouldn't make any difference."

At the conclusion of Kollister's testimony, the court, of its own volition and without any objection being raised by either side, asked the following:

"THE COURT: Let me ask the jury one question since we didn't qualify them. Has any juror any fixed opinion in this case either one way or the other where he couldn't accord this defendant a fair, a just and impartial trial?

"(NO RESPONSE).

"THE COURT: That's all I want to ask."

Appellant contends that the trial court committed error in that it failed to qualify the jury as required by Tit. 30, Sec. 6, Code of Ala., 1940, which reads as follows:

"It is the duty of the court, before administering the oath prescribed by law to any grand, petit, or tales jurors, to ascertain that such juror possesses the qualifications required by law; and the duty required of the court by this section shall be considered imperative."

The Supreme Court of Alabama in Washington v. State, 81 Ala. 35, 1 So. 18, stated in part as follows:

"But very many things occur in the trial of such causes of which no record need be made, and yet they require affirmative action of the court, or of some ministerial officer. *Ascertaining the qualifications of jurors is an example of this class of judicial questions,* and service of a copy of the venire, and of the indictment on the defendant, is an illustration of ministerial service of which the silence of the record raises no presumption of error. *If such duty be omitted, the objection must be shown to have been taken in the court below.* When the record is silent on questions of these classes, this court presumes the trial court and its officers did their duty." (Emphasis ours.)

In Jackson v. McFadden, 260 Ala. 109, 69 So.2d 286, the Supreme Court of Alabama, in discussing the trial court's failure to question the jury panel as to whether any of them were related to any attorney appearing for either party, stated in part as follows:

" * * * Of course, there was a duty for the trial court to ask the members of the panel whether any one of them was related to any attorney appearing for either party. That is an imperative duty. But that omission occurred in the presence of counsel and no objection was made on that account and no request made

to interrogate the jurors further as to their qualifications. * * *"

In the instant case the record discloses no objection by appellant to the trial court's alleged failure to qualify the jury. Neither does the record show whether or not the parties exercised the right to examine the jurors as authorized by Tit. 30, Sec. 52, Code of Ala., 1940, when by so doing any disqualification would probably have been ascertained. Such failure to question the jurors waives the peremptory right of the parties to have a new trial. Jackson v. McFadden, supra. See also Batson v. State, 216 Ala. 275, 113 So. 300; Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L. R.2d 907; Beecher v. State, 280 Ala. 283, 193 So.2d 505; 39 Am.Jur., Sec. 39.

■ It is not necessary that the record show that counsel was given the opportunity to examine the jurors prior to empaneling. James v. State, 53 Ala. 380; Washington v. State, supra; Batson v. State, supra. We conclude therefore that, if counsel would question the jurors' qualifications, he must do so prior to the empaneling and swearing in of the jury; and that failure to exercise this right or make a timely objection waives his right to question the jury's qualifications and appellant cannot complain on motion for a new trial.

■ Appellant contends also that the admission into evidence of the alleged confession made by appellant was reversible error. He asserts that the confession was made without benefit of counsel and without sufficient proof of appellant's sobriety at the time. The State introduced evidence tending to show that appellant was advised that he did not have to make a statement; that any statement he may make might be used in a court of law against him; that he was advised of his right to have an attorney; that he was told that if he could not afford one that one would be appointed for him; that no one present made any promise to appellant; that he was offered no reward or hope of reward. Officer King, who tes-

tified that it was he who interrogated appellant and through whom the written confession was admitted, said that appellant did not request counsel after being informed of his right to same. The fact that appellant did not request counsel at the time of the interrogation after being informed of his right to counsel does not render any statement he may have made inadmissible. Duncan v. State, 278 Ala. 145, 176 So.2d 840; Sanders v. State, 278 Ala. 453, 179 So.2d 35.

■ Appellant contends also that the confession should not be received into evidence because there was no showing that appellant was sober at the time. The only testimony in the record touching on appellant's sobriety at the time of the interrogation was by Officer King who testified on cross-examination as follows:

"Q. Did you smell any alcohol on him?

"A. Not when I talked to him. No, sir."

■ There was no evidence to contradict that offered by the State. It should be noted that intoxication as affecting an accused's ability to confess is a question to be determined by the trial judge for its admission into evidence, and on being admitted into evidence the question of intoxication goes only to the weight and credibility to be accorded it by the jury. Eskridge v. State, 25 Ala. 30; Smith v. State, 25 Ala.App. 297, 145 So. 504; Ray v. State, 39 Ala.App. 257, 97 So.2d 594.

We find no abuse of the trial court's discretion in regard to the alleged confession of appellant.

After a diligent search of all of the evidence presented by the rcord, we feel that appellant's other claims of error have no merit.

The judgment in this cause is, therefore, due to be and the same is hereby

Affirmed.