235 So.2d 902

**Henry Thompson ANDERSON, Jr.**

**v.**

**STATE.**

**4 Div. 9.**

Court of Criminal Appeals of Alabama.

Nov. 4, 1969.

Rehearing Denied Dec. 9, 1969.

Alice L. Anderson, Enterprise, Farmer & Farmer, Dothan, for appellant.

**654**

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from a judgment of conviction of second degree burglary. The sentence was two years hard labor for the County.

Appellant was indicted jointly with Donald Lloyd Godwin and Douglas Allen Austin. Godwin and Austin, who had previously pled guilty to the instant indictment, were called as witnesses for the State and testified adversely to appellant concerning his complicity in the alleged burglary. Appellant did not testify at his trial.

Godwin testified on cross examination as follows:

"Q. You say you plead guilty to this case?

"A. Yes, sir.

"Q. How many more felony cases have you plead guilty to here in this county?

"A. I don't remember the exact number.

"Q. Eight, nine, or ten?

"A. About eight."

On the State's re-direct examination of Godwin, the following occurred:

"Q. On all these eight or nine cases that you and Douglas Allen Austin plead guilty to, you were jointly charged with Henry Thompson Anderson on each of them; were you not?

"A. Yes, sir.

"MR. FARMER: We object, if your Honor please.

"THE COURT: I overrule the objection.

"MR. FARMER: We object to it and at this time move for a mistrial, if your Honor please.

"THE COURT: I deny the motion.

"MR. FARMER: We except to that."

Austin testified on cross examination as follows:

"Q. You plead guilty to your part played in this break-in over there?. Un-

der this indictment, you have already plead guilty to it?

"A. Yes, sir.

"Q. How many more cases did you plead guilty to on that occasion?

"A. Eight.

"Q. Wasn't it about twelve?

"A. About twelve all total in the county."

On the State's re-direct examination of Austin, the following occurred:

"Q. On all these cases that you plead guilty to, were you a co-defendant in each one of them with Henry Thompson Anderson, Jr., and Donald Lloyd Godwin?

"MR. KELLY: We object.

"THE COURT: Overruled.

"MR. KELLY: We reserve exception.

"MR. FARMER: And defendant moves his motion for a mistrial.

"THE COURT: Motion denied. .

"MR. FARMER: We except."

The State contends that admitting evidence that appellant had other charges pending against him was not error and comes within exceptions 3, 4 and 5 of the following rule stated in Dennison v. State, 17 Ala.App. 674, 88 So. 211:

"The general and well-recognized rule is that in a prosecution for a particular offense evidence tending to show defendant guilty of another and distinct offense, disconnected with the crime charged, is inadmissible; the manifest purpose of this rule being to prevent prejudice to the defendant in the minds of the jury by the introduction of evidence of offenses for which he is not indicted, to which he is not finally to answer, and building up a conviction on inferences of guilt from the fact that he had com-

mitted another offense. The justice, fairness, and reason for the rule is apparent, and, as said in the case of Gassenheimer v. State, 52 Ala. 313: 'A strict adherence to it is necessary to prevent criminal prosecutions from becoming instruments of oppression and injustice.'

\* \* \* \* \* \*

"There are exceptions to this general rule, however. These exceptions are succinctly stated in the Gassenheimer Case, supra, and are, in substance, as follows: While evidence of any other offense than that specifically charged is prima facie inadmissible, such evidence will be received, when necessary to prove the scienter or guilty knowledge, when an element of the offense charged; (2) when the offense charged and the offense proposed to be proved are so connected that they form part of one transaction; (3) when it is material to show the intent with which the particular act is charged as criminal was done, evidence of another similar act, though, in itself a criminal offense may be given; (4) when it is necessary to prove a motive for the criminal act imputed, and there is an apparent relation or connection between that act and other criminal acts committed by the accused; (5) when it is necessary to prove the identity of the offender, or of an instrument used in committing the offense; (6) there are also cases in which the accusation itself involves a series of acts which must be proved to make out the offense; (7) and cases in which the several offenses are all a part of the res gestae."

■ Had the State offered evidence which had probative value tending to show either intent, motive or identity of appellant then we agree that the question would have been presented as to whether such evidence would actually come within some of the exceptions to the rule above quoted. However, we think an important distinction has been overlooked; namely, that the testimony offered merely showed that appel-

lant was charged with other unspecified offenses. Testimony that appellant is charged with other offenses is not evidence, under our system, tending to show appellant guilty of another distinct offense. To so hold would tend to strike down one of the most basic and well established principles known to American criminal jurisprudence; i. e., the presumption of innocence.

We, therefore, hold that admitting testimony that appellant was "charged with" and was a "co-defendant" in other unspecified offenses was highly prejudicial and requires a reversal of this cause. Gallman v. State, 29 Ala.App. 264, 195 So. 768; Crow v. State, 28 Ala.App. 319, 183 So. 897.

Appellant contends that his alleged confession was inadmissible because he was intoxicated at the time it was alleged to have been made, thus rendering anything he might have said involuntary.

■ Evidence was heard on the voluntariness of the alleged confession out of the presence of the jury in accordance with Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. There was ample evidence, even though conflicting, from which the trial judge could conclude that appellant was not intoxicated to the extent of mania. We conclude that the trial judge did not abuse his discretion in admitting the alleged confession for the jury's consideration. Intoxication which would affect the voluntariness of a confession is primarily a question of fact which first addresses itself to the trial judge to determine admissibility and later to be submitted to the jury for whatever consideration it may deem appropriate.

■ The rule is well established in this jurisdiction that intoxication short of mania or such an impairment of the will and mind as to make the person confessing unconscious of the meaning of his words will not render a confession inadmissible. Warren v. State, 44 Ala.App. 221, 205 So. 2d 916, cert. denied 281 Ala. 725, 205 So. 2d 920; Ray v. State, 39 Ala.App. 257, 97 So.2d 594; Smith v. State, 25 Ala.App. 297, 145 So. 504; Eskridge v. State, 25 Ala. 30.

Appellant asserts that the alleged confession was inadmissible for the additional reason that prior to making the alleged statement he was not effectively given the so-called Miranda warning (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694). Specifically, the objection goes to the following phrase appearing in appellant's alleged written signed confession, "that any statement I do make might be used *for or against* me in a court of law" (emphasis added).

■ It is contended that the use of the word "for" was misleading and was an inducement for appellant to make a statement. We do not agree. The law is concerned with the substantive effect of the warning rather than the form or particular words used. The question is whether appellant understood and intelligently waived his right to remain silent and to have counsel. We do not think the use of the word "for" renders the entire warning insufficient. It is entirely possible that what an accused might tell a law enforcement officer could be used for him. The use of the word "for" does not, in our opinion, negate the meaning of the word "against."

We conclude, therefore, that this was an adequate warning. See Sampson v. State, 14 Ind.Dec. 413, 237 N.E.2d 254, where the Indiana Supreme Court approved a Miranda warning which included the following phrase, "that anything you say may be used either for or against you in court." See also Lloyd v. State, Tenn., 440 S.W. 2d 797, where the Tennessee Supreme Court approved a Miranda warning which included the following phrase, "it could be used against him as well as for him."

For the error in admitting testimony that appellant was charged with other of-

fenses, the judgment appealed from is due to be and the same is hereby reversed and the cause remanded.

Reversed and remanded.