243 So.2d 754

**Beth CALDWELL, alias,**

**v.**

**STATE.**

**3 Div. 23.**

Court of Criminal Appeals of Alabama.

Feb. 2, 1971.

Elno A. Smith, Jr., Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant was convicted for possession of depressant or stimulant drugs in violation of the Alabama Drug Abuse Control Act. Act, No. 252, Acts of the Legislature Regular Session 1967 (Title 22, § 255(11) (c) pocket parts Code of Alabama Recompiled 1958).

The evidence for the state tends to show that as the result of the execution of a search warrant by Montgomery police officers a quantity of pills containing barbiturates and amphetamines, defined as "depressant or stimulant drugs" in § 255(7) of the drug abuse act, were found in and under the defendant's home at 2020 Tullis Drive, Montgomery, Alabama, and in her automobile parked at the house.

A state's witness, Nell Teasley, testified she was living with defendant the day of the arrest; that she had seen pills in various size bottles and boxes throughout the house; that she had seen defendant bring pills from Birmingham and put them in the house; that she had heard defendant arrange to sell pills to a guard at Kilby Prison and had seen him give defendant money for them in the livingroom of defendant's house; that on the day of the arrest she had hidden a sack of drugs under the house at defendant's request.

It is argued in appellant's brief that the trial court erred in overruling her motion for a new trial on the ground that the verdict was contrary to the law. The contention is that Nell Teasley was "indicted by the grand jury and admitted that she with knowledge, hid the drugs under appellant's house."

■ The mere fact that a witness was indicted for the same offense as the defendant does not make him an accomplice per se. Welch v. State, 35 Ala.App. 643, 51 So.2d 905.

■ Moreover, a ground of motion for a new trial that the verdict is contrary to law is to general to be considered on appeal. State v. Boone, 276 Ala. 16, 158 So. 2d 658; Pierce v. Floyd, 38 Ala.App. 439, 86 So.2d 658.

■ The question of the lack of corroboration of a witness must be presented to the trial court by (1) a motion to exclude the state's evidence, or (2) by a written request for the affirmative charge, or (3) by a motion for a new trial asserting the lack of corroboration as a ground of the motion. Leonard v. State, 43 Ala.App. 454, 192 So. 2d 461; Alexander v. State, 281 Ala. 457, 204 So.2d 488.

■ Appellant cites Thomas v. State, 37 Ala.App. 179, 66 So.2d 189, as authority for his contention that the refusal of the following requested charge was reversible error:

"I charge you, Gentlemen of the Jury, that after considering all the evidence in the case if you have a reasonable doubt of the truthfulness of the evidence of the witnesses for the prosecution, you cannot convict the defendant."

We do not consider Thomas as approving this charge. The court simply stated that the charge was covered by a charge given at defendant's request.

In the present case the court in its oral charge covered the law as to credibility of witnesses.

■ Appellant next contends the trial court erred in overruling her motion for a new trial on the ground the court failed to qualify the jury as required by Title 30, Section 6, Code of Alabama 1940. The record recites that the jury was duly qualified, selected and sworn. Moreover, objection must be raised prior to empaneling the jury and cannot be presented on motion for a new trial. Winn v. State, 44 Ala. App. 271, 207 So.2d 138.

The next argument is that the trial court erred in overruling the motion for a new trial based on ground 7: "For there is newly discovered evidence in the case." In Stone v. State, 243 Ala. 605, 11 So.2d 386, the court held that a motion for a new trial based on newly discovered evidence should be accompanied by supporting affidavits giving names of witnesses, the newly discovered facts relied upon and other data. See also Spann v. State, 43 Ala.App. 50, 179 So.2d 178.

The judgment is affirmed.

Affirmed.