265 So.2d 160

**Lee Henry DOTSON**

**v.**

**STATE.**

**1 Div. 116.**

Court of Criminal Appeals of Alabama.

March 30, 1971.

Rehearing Denied April 20, 1971.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Robert G. Kendall, Johnston, Johnston & Kendall, Mobile, for appellant.

Voluntary manslaughter Code 1940, T. 14 § 320; sentence nine years.

I

Dotson after purported [1] *Miranda* warnings gave an in custody statement to law

---

1. The form of warning does not strictly comply with Square v. State, 283 Ala. 548, 219 So.2d 377. However, since Dotson was not an indigent it would seem that McCants v. State, 282 Ala. 397, 211 So.2d 877, would control here as an exception to *Square*. See Dickey v. State, Wyo., 444 P.2d 373; Cf. People v. Baker, 19 Mich.App. 480, 172 N.W.2d 892, fn. 12 p. 896.

As in *Dickey*, supra, it is here reasonably inferable that the officers had a basis to believe that Dotson could afford a lawyer: to one of their questions he replied that he would rather talk to his lawyer before answering.

This exception should not be taken too loosely. In Miranda v. Arizona, 384 U.S. 436 fn. 43, p. 473, 86 S.Ct. 1602, 16 L.Ed.2d 694, apparently doubts as to indigency vel non should be resolved in favor of giving the warning in terms as though the prisoner is a pauper. People v. Baker, supra; Commonwealth v. Dixon, 432 Pa. 423, 248 A.2d 231; Commonwealth v. Yount, 435 Pa. 276, 256 A.2d 464; State v. Gendreau, R.I., 259 A.2d 855, 860, 861.

Here Dotson was told that if he could not afford a lawyer, one would be appointed and paid for by the court and that he had a right to refuse to answer questions

officers. In brief it is contended that he should have expressly manifested that he both understood these rights and that he waived them before the interrogation began.

The record is devoid of any testimony, conclusionary or detailed, as to Dotson's stating that he understood the warnings and waived the right to have counsel present.

In Elrod v. State, 281 Ala. 331, 202 So. 2d 539, we find per Merrill, J. the following:

"A defendant may waive his right to counsel and to remain silent, provided that waiver is made voluntarily, knowingly and intelligently. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The State properly has the burden to demonstrate a knowing and intelligent waiver of the privilege against self-incrimination and right to counsel with respect to incommunicado interrogation."

No doubt the foregoing rests on the language in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, against presuming waiver from an otherwise silent record. See 10 A.L.R.3d, p. 1012; United States v. Hayes, 4 Cir., 385 F.2d 375, is distinguishable on its facts from the instant case.

We have gone to our record in Winn v. State, 44 Ala.App. 271, 207 So.2d 138, cited by the Attorney General.[2] There we find, in addition to the statement in the opinion that Winn did not request counsel, that King testified:

"He advised me he didn't want a lawyer."

until he had gotten himself a lawyer. This caution is perhaps vague as to when the court appointed serjeant of the coif would be forthcoming to shield Dotson from unwitting cacoethes loquendi. It was sufficient warning of the right to counsel.

Furthermore, Winn's written statement concluded that it was true and that he willingly signed it. In short, *Winn* must be treated as sui generis or flatly disapproved. Compare Taylor v. State, 44 Ala. App. 575, 217 So.2d 86.

Johnson v. Zerbst, 304 U.S. 458, 464 and 465, 58 S.Ct. 1019, 82 L.Ed. 1461 sets out the approved canon and procedure for ascertainment of a competent and intelligent waiver of counsel where the right to counsel is of constitutional origin.

In the instant case the evidence to support an inference of a proper waiver is non existent, a vacuum of negative dimensions. *Taylor*, supra.

Nor can we posit affirmance on Supreme Court Rule 45. This because Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 rather than Rule 45 controls here.

In a homicide trial the jury not only determines guilt (and that according to the degrees embraced in the indictment) but also fixes the extent of punishment. In such a trial we cannot affirm that the admission of Dotson's inculpatory statement was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, rests on a different set of controlling facts.

II

Ex mero motu the trial judge, after the defense rested, announced that he would not charge the jury on second degree manslaughter. To this statement defense counsel excepted.

Whether or not it was nevertheless incumbent on counsel to have made a gesture by tendering a written charge thereabout

2. The opinion in *Winn* is incorrect in citing Duncan v. State, 278 Ala. 145, 176 So.2d 840 and Sanders v. State, 278 Ala. 453, 179 So.2d 35 because both these cases were tried before June 13, 1966, the effective date of *Miranda*. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

we need not decide. In view of the need for another trial we call attention to the opinion of Harwood, J. in Bradberry v. State, 37 Ala.App. 327, 67 So.2d 561.

For the error in admitting Dotson's confession, we reverse the judgment of the circuit court and remand the case for a new trial.

Reversed and remanded.

