249 So.2d 638

Carswell BARBEE

v.

STATE.

8 Div. 78.

Court of Criminal Appeals of Alabama.

June 15, 1971.

J. N. Powell, Jr., Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Conviction was for assault with intent to murder one Windell Allen. Sentence was for two years in the penitentiary.

The state's evidence tends to show that Christmas Eve night, 1966, Barbee's former wife was working in a grocery store operated by Windell Allen's father. Defendant and a woman companion selected groceries and asked Mrs. Barbee to check them out. She refused and Allen asked Barbee to leave. Whereupon defendant drew a pistol and pointed it at Allen. He clicked the gun and a live shell fell to the floor. He then fired the gun and walked out the front door. Allen stepped outside and Barbee shot a second time, the bullet grazing the side of Allen's face.

Defendant's companion testified Barbee fired the shot inside the store after Allen had reached under the counter and got a gun. She stated Barbee ran out the door and Allen ran out behind him with a pistol in his hand. She heard shooting outside, but did not know who fired the shots.

The state's witnesses testified Allen did not have a gun at any time.

Defendant was adjudged guilty on June 27, 1967, and filed motion for a new trial on July 27, 1957. The motion was regularly continued until November 7, 1967, at which time the court entered the following order:

"11/7/67. On consideration of the foregoing motion it is ordered that the same be, and it is hereby overruled."

On December 11, 1967, the court, ex mero motu, ordered, "that the submission of this cause on the said motion for a new trial be, and the same is hereby set aside. It is further ordered by the court that this cause be, and it is hereby set down for hearing before the undersigned Judge of said Court on the issues presented by the said motion for new trial and any appropriate amendments thereto on January 4, 1968, at 2:00 p. m."

The transcript of the record was filed in this court on March 25, 1970. On Novem-

ber 9, 1970, an additional record was filed. This additional record contains evidence taken at a hearing held on the motion for a new trial on November 21, 1967, and an order of the court dated October 23, 1970, overruling the motion for a new trial.

The certificate of the trial judge recites:

" * * * the foregoing transcript contains a full, complete, and correct statement of the evidence introduced at said hearing on November 21, 1967; and that the foregoing transcript contains a full, complete, and correct statement of the evidence introduced at said hearing on October 23, 1970, to establish a statement in lieu of the transcript of the evidence introduced at the hearing on said motion for new trial on January 4, 1968, and the judge's ruling thereon. * * *."

We are of opinion that it is clear from the following cases that the trial court had lost its power to amend or vacate its order of November 7, 1967, overruling the motion for a new trial, and that the latter proceedings were coram non judice and the judgment on the motion for new trial was void; Ex parte Spears, 264 Ala. 256, 86 So.2d 848; State Farm Mutual Insurance Company v. Senn, 277 Ala. 508, 172 So.2d 533.

The fact that the attorneys for the state and defendant appeared and participated in the latter proceedings did not confer jurisdiction on the court by consent or by waiver to enter the order reinstating the motion for a new trial. State Farm Mutual Insurance v. Senn, supra; Pate v. State, 244 Ala. 396, 14 So.2d 251.

No motion was filed by the state to dismiss the appeal for failure to comply with Supreme Court Rule 37, otherwise the record would be due to be stricken and the appeal dismissed.

The judgment is affirmed.

Affirmed.