TYSON, Judge.
Georgia Thomas was indicted for manslaughter in violation of § 13A-6-3, Code of Alabama 1975. The jury found the appellant guilty of the lesser included offense of criminally negligent homicide. She was sentenced to “serve six (6) months hard labor and pay all costs.”
The testimony in this case tends to show that the appellant, Georgia Thomas, was an employee of the St. Michael’s Nursing Home in Dothan, Alabama, when an apparent accident occurred causing the death of Mrs. Mary Freeman. Freeman, an elderly woman between 91 and 95 years of age at the time, was a resident of the nursing home and suffered from a mental disorder and a rectal infection.
Larry Draughn of the Dothan, Alabama City Police Department was called to the rest home at approximately 6:27 a.m. on March 10, 1985. He entered a bathroom in the home and observed paramedics attending Mrs. Freeman, who was lying on the floor. There was a large amount of water and human skin tissue on the floor of the bathroom and water, a wash rag and a bath mat inside the tub.
Draughn attempted to question Mrs. Freeman after she was taken to the hospital. Her voice was almost inaudible but he managed to elicit information from her which indicated that she had turned the hot water on in the tub, gotten in it by herself and then screamed for help upon discovering that the water was scalding hot.
The paramedic who attended Mrs. Freeman testified that when he arrived Mrs. Freeman was lying on the floor of the bathroom with second degree burns covering 85% of her body. She was having respiratory difficulties and was incoherent.
The doctor who treated Mrs. Freeman at the hospital testified that she died there from “burn shock”.
Another Dothan Police Officer, Stan De-vane, who was at the scene, testified that he observed that the toilet seat was broken and lying on the floor of the bathroom. He also noted that a rubber mat and white wash cloth were in the tub. He tested the water temperature out of the tub faucet and determined that it was 180 to 190 degrees Fahrenheit. He also found a blue and white hospital, gown on the floor with blood and water on it.
He spoke with the appellant, Georgia Thomas, who explained the accident. She told him that she came to work at 5:30 on that morning and, while she was bathing another patient in a bathroom in the rear of the home, Mrs. Freeman came up to her and told her that she needed to use the bathroom. All of the bathrooms in the house were occupied so the appellant sent her to the other side of the building to a *818 private bathroom that was not to be used by the patients.
When the appellant, Thomas, noticed that Mrs. Freeman had not returned five to ten minutes later she went to check on her. She found her lying in the tub with the water running full force. She then administered first aid to her. The appellant did not hear Mrs. Freeman scream nor did she know about the bath cloth which the officer found in the tub.
The officer testified that he had been to the nursing home on a previous occasion, at which time it was known as “Brown’s Security Home”. He was there to investigate a similar scalding accident. The appellant had worked there at that time and was aware of the incident.
An investigator with the State Health Department, Bureau of Licensing and Certification, Mr. Nevens, testified that he had inspected the home under its former name and had closed it down because of the scalding incident. The water was found to be excessively hot at the time he closed Brown’s. The inspector talked to the present owner of the home and the appellant, Thomas, about this problem.
He advised the owner and the appellant that under no circumstances were any of the patients to be allowed in the private quarters. Apparently, the hot water heater serving the private quarters also serviced the kitchen sink where the dishes were sterilized using scalding hot water. He also stated that, while he was there, he had seen another patient using the private quarters' bathroom.
There was testimony by another employee indicating that the home was understaffed and that this had been brought to the owner’s attention.
The appellant testified that she was responsible for getting eight of the residents to the bathroom in the mornings and giving them baths. She said that Mrs. Freeman did not have a bath cloth in her hand when she came up to the appellant and told her she needed to go to the bathroom that morning. She did not have any idea that Mrs. Freeman was going to try to take a bath in the private quarters. Mrs. Freeman never took a bath by herself.
Whenever the patients woke up, they wanted to use the bathroom. They all woke up around the same time and there were only two usable bathrooms in the home.
I
The appellant contends that the trial court erred in denying her motion for judment of acquittal based on the insufficiency of the State’s evidence.
The evidence was sufficient to sustain the appellant’s conviction. She was convicted of criminally negligent homicide. Criminal negligence has been defined as the failure “to perceive a substantial and unjustifiable risk that the result will oc-cur_” Section 13A-2-2(4), Code of Alabama 1975, as amended.
The evidence tended to show that the appellant knew that there was a risk that patients could be scalded because she had seen this happen once before. She also knew that it was dangerous for the patients to go into the “old” part of the house because this is where the previous scalding occurred and she had been told that the patients were not to go there for any rear son. She knew that Mrs. Freeman had at least some mental incapacity. There was also evidence offered from which the jury could have inferred that the appellant, Georgia Thomas, sent Mrs. Freeman into that bathroom in order to take a bath. See Phelps v. State, 435 So.2d 158, 164 (Ala. Crim.App.1983); Cumbo v. State, 368 So.2d 871 (Ala.Crim.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). See also Gullatt v. State, 409 So.2d 466 (Ala.Crim.App.1982).
II
The appellant also contends that it was error for the trial court to admit the evidence of the prior scalding incident at the facility.
The appellant’s argument and reliance on Anderson v. State, 45 Ala.App. 653, 235 *819 So.2d 902 (1969), is misplaced. Anderson deals with the inadmissibility of evidence of prior crimes. In this case the evidence consisted of a prior scalding incident. There is no evidence that “a crime” was involved; moreover, the incident was never attributed to this appellant.
However, even had the appellant’s argument been applicable to the facts of this case, this evidence would still be admissible.
This evidence was used by the State for the limited purpose of showing “scienter or guilty knowledge” on the part of the appellant. This has long been an exception in Alabama to the general rule excluding evidence of prior offenses. See Johnson v. State, 335 So.2d 663 (Ala.Crim.App.1976); Anderson, supra.
For the above-stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.