## PARSONS vs. THE STATE.

1. If a wound is inflicted not dangerous in itself, and the death which ensues was evidently occasioned by the grossly erroneous treatment of it, the original author will not be accountable.

2. But if the wound was mortal or dangerous, the person who inflicted it cannot shelter himself under the plea of erroneous treatment.

3. The evidence was conflicting, as to whether the deceased came to his death from the effects of a wound inflicted by the prisoner, or from the improper treatment of it by the attending physician in sewing it up. The prisoner's counsel requested the court to charge that if the wound was not mortal, and it clearly appeared that the deceased came to his death from the erroneous treatment, and not from the wound, they must acquit the prisoner. This charge the court gave, with this qualification, "that if the ill treatment relied on was the sewing up of the wound, the defendant would not be excused if otherwise guilty." *Held:*

    That the legal proposition asserted by the qualification to the charge was erroneous. (Goldthwaite, J., *dissenting.*)

ERROR to the Circuit Court of Dallas.

Tried before the Hon. E. PICKENS.

The facts sufficiently appear from the opinion of the court.

W. M. MURPHY, for the plaintiff in error.

M. A. BALDWIN, Attorney General, *contra.*

GOLDTHWAITE, J.—The prisoner was indicted for the murder of one Mayo. On the trial of the case below, the evidence was conflicting as to whether the deceased came to his death from a wound inflicted by the defendant, or from the improper treatment which was resorted to by the attending physicians, the wound not being considered a mortal one. It was what is termed a "punctured wound," and the improper treatment which was relied on was, the bringing of its edges together, and sewing it with stitches. The court, upon this evidence, was requested by the counsel for the prisoner to charge, "that if the wound was not mortal, but by ill treatment or unwholesome applications the said Mayo died, if it clearly appears that this treatment, and not the wound, was the cause of his death, the defendant should be acquitted." This charge the court gave, but with the addition, "that if the ill treatment relied upon was the sewing up of the wound with stitches or other compresses, that the defendant would not be excused if otherwise guilty," and this addition or qualification of the charge is relied upon as the ground of reversal.

We all agree that, ordinarily, if a wound is inflicted not dangerous in itself, and the death was evidently occasioned by grossly erroneous treatment, the original author will not be accountable. 1 Hale's P. C. 428; 1 East C. L. 344, § 113. And we agree, also, that if the wound was mortal or dangerous, the person who inflicted it cannot shelter himself under the plea of erroneous treatment. East C. L. 344, § 113.

The charge given by the court below asserts the general proposition, that if the wound was not mortal, and the death properly to be attributed to the treatment, the prisoner should be acquitted; but the qualification a majority of the court hold to be erroneous, for the reason that it made an improper exception to the rule stated in the charge. In other words, they understand the charge as a whole to assert the proposition, that while the prisoner might be excused by the erro-

neous treatment of the attending physicians, yet, if such treatment consisted in the sewing up of the wound, he would be held accountable; thus excluding from the operation of the rule the actual case which the evidence tended to establish. I cannot agree with this construction, and while I admit the charge is wanting in precision and fullness of expression, I think it states the law correctly.

The evidence being conflicting as to the cause of the death, and doubtful as to the character of the wound, these were matters proper for the determination of the jury; and if the death was the natural consequence of the wound, or the wound was mortal, the defendant was answerable; and, as I understand the charge, it asserted simply this proposition. The erroneous treatment which was relied on consisted in the sewing up of the wound, instead of leaving it open; and the presiding judge, after laying down the general rule, went on to inform the jury, that if the defendant relied on the particular treatment resorted to, the sewing up of the wound, it would not operate to excuse him, if, without reference to such treatment, he was guilty; or, in his own language, "if otherwise guilty." The construction placed by a majority of the court upon the qualification, gives no effect whatever to the words I have quoted, and strikes out of the charge the limitation which qualifies the entire sentence. Regarding the legal proposition asserted by the charge as correct, yet as its tendency may have been to mislead the jury, in a case of this character, I concur in the reversal on that ground.

Let the judgment be reversed, and the cause remanded; the prisoner to remain in custody until discharged by law.