Denman v. The State.

---

FRANK DENMAN, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1.  **Criminal Law.**   An indictment for murder by striking with a knife is not objectionable for duplicity, by reason of stating that the accused made an *assault* and feloniously, etc., did strike the deceased and inflict a mortal wound, etc.

2.  ———: MURDER: DEFENSE.   Where a wound is the mediate cause of death, it is no defense that the immediate cause was erysipelas which set in in consequence of the wound.

ERROR to the district court for Lancaster county.   Tried below before POUND, J.

*A. W. Field*, for plaintiff in error.

Indictment is defective because of duplicity. 1 Bishop Crim. Proc., § 189. On instructions, cited: Dean's Med. Jur., 260. Wharton on Homicide, 244. 1 Wharton Crim. Law, § 751.

*Isaac Powers, Jr., Attorney General*, for the State, cited: *McAllister v. State*, 17 Ala., 587. *Parsons v. State*, 21 Id., 300. Wharton on Homicide, 241, § 382. *Commonwealth v. Fox*, 7 Gray, 585. *Harvey v. State*, 40 Id., 516. *Commonwealth v. Pike*, 3 Cush., 181. Russell on Crimes, 505 and 506.

MAXWELL J.

The plaintiff in error was indicted for murder in the second degree in the district court of Lancaster county, and convicted of manslaughter and sentenced to imprisonment in the penitentiary for nine years. He now prosecutes error to this court. The errors assigned are: *First*, duplicity in the indictment. *Second*, the exclusion of testimony showing the friendly relations between Denman and the deceased. *Third*, error in giving and refusing certain instructions.

Duplicity in an indictment is the joinder of two or more distinct offenses in one count. 1 Bish. Cr. Proc. (3–Ed.), § 432. Whart. Cr. Proc. (8th Ed.), § 243. The general rule is, that two distinct crimes cannot properly be joined in the same count of an indictment, and if so joined a motion to quash or demurrer will lie. Wharton Cr. Proc., § 243. But there are exceptions to the rule, as where the crime charged includes one of an inferior degree—as in murder which includes manslaughter. In such case the jury may acquit of the high crime and convict the accused of the less atrocious one. Id., § 246.

There are other exceptions to the rule, to which it is unnecessary to refer. Murder or manslaughter committed by an intentional blow includes an assault, not as a separate and distinct offense but as a part of the violence by which the murder was commited. 2 Bish. Cr. Pro., § 512. 2 Cr. Law, § 56. The substance of the charge against Denman in this case is that unlawfully and feloniously he did make an assault upon Coakley with a knife, with which he did strike and wound said Coakley on the arm, of which wound he died, etc. The indictment charges but one offense, viz., murder in the second degree, and the court did not err in overruling the motion to quash and the demurrer.

*Second.* Friendly relations between Denman and the deceased. Denman was a witness in his own behalf, and was asked by his attorneys, "What incident ever occurred between you and Mr. Coakley of a friendly nature?" Objection was made and no answer given. He was then asked if he had been on such friendly relations to the deceased that he (Coakley) had extended any material favors or acquaintance to him? Objection was again made, and no answer given. There was no offer to prove any fact, consequently no question is presented for determination.

*Third.* It appears from the testimony that one Coakley was keeping the St. Charles House, in the city of Lincoln, and that the plaintiff was boarding there; that on the fourth of July, 1881, Denman, while at dinner, made some disturbance, which resulted in Coakley ordering him to leave, and finally in putting him out of the house; that while on the sidewalk, whether at the door or a few steps from it, is not entirely clear, the plaintiff struck Coakley with a knife on the arm making a wound which extended to the bone. Erysipelas set in, and in two days afterwards Coakley died. The testimony is uncontradicted that the erysipelas resulted from the wound, and that the wound was the cause of death. The court gave the following instruction on behalf of the state, which is objected to: " If you find from the

evidence that the defendant inflicted a wound upon the person of Thomas Coakley, as charged in the indictment, then if such wound so inflicted by the defendant caused or directly contributed to the death of said Coakley, then the prisoner cannot be excused, because other causes may have also contributed to his death.    If death ensues from a wound given in malice, but not in its nature mortal, but which from want of helpful applications, or from natural causes, develops a fever or an erysipelatous inflammation, and that fever or erysipelatous inflammation be the immediate cause of the death, yet the person who gave such wound cannot be thereby excused; for that the wound, though it was not the immediate cause of the death, yet if it is the mediate cause and the fever or erysipelatous inflammation is the immediate cause, the wound, being the cause of the fever or the erysipelatous inflammation, is the cause of the immediate cause, and the person who inflicted such wound is responsible for the result of such wound according to the circumstances of the case."

This is equivalent to saying, that if the wound was the mediate cause of death—that is, if but for the wound death would not have ensued, it is no defense that because of the wound fever or erysipelas set in and was the immediate cause of death.    No objection is pointed out to this instruction, and there was no error in giving it.    *McAllister v. The State,* 17 Ala., 434.    *U. S. v. Warner,* 4 McLean, 464.    *Com. v. Hackett,* 2 Allen, 137.    *Com. v. McPike,* 3 Cush., 181.    *Parsons v. The State,* 21 Ala., 300.    2 Wharton Cr. Law, § 941.

The following instruction was asked and refused: "If the jury find from the testimony that the defendant inflicted on the deceased a slight wound, in itself not dangerous, which wound by improper treatment of a physician became mortal, you will acquit the defendant."    There is not a particle of testimony in the record tending to show that the physicians improperly treated the wound.    The instruction

was therefore properly refused.    Other instructions were asked on behalf of the prisoner, and refused, to which it is unnecessary to refer, as we find no evidence in the record to justify them.    Objection is made in the brief that the verdict is not sustained by the evidence.    We have carefully read the evidence, and are of the opinion that the verdict is right.    There are no material errors in the record and it is clear that justice has been done.    The judgment. must therefore be affirmèd.

JUDGMENT AFFIRMED.

THE other judges concur.