180 So. 736

## VINZANT v. STATE.

### 6 Div. 243.

Court of Appeals of Alabama.

May 17, 1938.

———◆———

D. D. Patton, of Carrollton, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of ten years.

It was shown that he shot and killed one Major Hibley, while engaged in an altercation—really, a gun battle—with Ike Hibley, deceased's brother, who had accused appellant of peeping at Ike's wife while she was dressing.

The testimony was in hopeless conflict; some of it to the effect that appellant deliberately or intentionally shot deceased—who was not molesting appellant in any way at the time—and some of it to the effect that appellant, while shooting at Ike Hibley, struck deceased by accident, as it were.

The various issues raised were, so far as we can see, clearly defined by the learned trial judge and correctly submitted to the jury.

We do not find a great deal that needs to be said. Appellant is represented here by able counsel, and our only remarks will be directed to the questions discussed by said counsel in his brief.

■ Criticism is made of the admission in evidence over appellant's objection, due exception being reserved, of testimony as to a "confession"—to call it that—of appellant, made some time after the shooting of deceased. This criticism is based on the claimed fact that it was shown that appellant, at the time he is alleged to have made the said "confession" was not in complete possession of his mental faculties —due, perhaps, to the effect of some sedatives administered to him by a physician— it being kept in mind that appellant, himself, was wounded by a gunshot, or shots, during the melee in which Major Hibley was *mortally* wounded.

The rule in such matters was, we believe, correctly stated by us in our opinion in the case of Smith v. State, 25 Ala.App. 297, 145 So. 504, 505, to wit: "Intoxication [or, we interpolate, other mental aberration] less than mania does not exclude a confession made during its continuance; if claimed and proved, it only goes to the weight and credibility to be accorded by the jury to the said confession." And see the authorities we cited in the opinion referred to.

We find nothing here in transgression of the above rule.

■ As for the written charges refused to appellant, it is only necessary to say that unless they were obviously not apropos or incorrect, their substance was fully covered by and included in the trial court's complete and excellent oral charge to the jury.

We find nowhere a ruling or action by the court infected with error injurious to appellant's rights. And the judgment is affirmed.

Affirmed.