Anthony Paul Beadnell was indicted for vehicular homicide in violation of § 32-5A-192, Code of Alabama 1975. He was found "guilty as charged in the indictment" and was sentenced to three years and six months in prison. The appellant raises four issues on appeal. The facts relevant to each issue will be set out separately below.
 I
The appellant first contends that the indictment was fatally defective because it did not specify whether he was charged with vehicular homicide because of his blood alcohol level (§ 32-5A-191(a)(1)) or because he was driving "under the influence" (§ 32-5A-191(a)(2)). The indictment stated that the appellant:
 "did unlawfully and unintentionally cause the death of Joseph Richardson, while engage[d] in the violation of a state law applying to the operation or use of a vehicle, to-wit: by driving at a high rate of speed and/or driving while under the influence of alcohol, and such violation(s) resulted in the said death, in violation of 32-5A-192 of the Code of Alabama." (R. 7)
This argument lacks legal merit.
A review of the record indicates that the appellant failed to properly and timely raise this issue for review. Thus, he waived any defect or irregularity in the indictment unless the indictment failed to include an essential element of the offense which left the appellant "unaware of the nature and cause of the charge against him." Canada v. State,421 So.2d 140, 145 (Ala.Crim.App. 1982). See also, Ex parteTomlin, 443 So.2d 59 (Ala. 1983), cert. denied, Tomlinv. Alabama, 466 U.S. 954, 104 S.Ct. 2160, 80 L.Ed.2d 545
(1984).
In Fields v. State, 494 So.2d 477 (Ala.Crim.App. 1986), this court held that an indictment for vehicular homicide which failed to aver the intoxicant involved in the violation of the state law was not defective because the intoxicant is not an element of the offense of vehicular homicide. Thus, the State's failure to aver in the indictment that the appellant had a blood alcohol level of .10%, or was under the influence, did not cause the indictment to be defective. The indictment in the present case contained even greater specificity than was required in Fields.
The appellant cites Smith v. State, 435 So.2d 158
(Ala.Crim.App. 1983), as being dispositive of this issue. Contrary to appellant's position, however, this court stated inFields:
 "The issue here is the specificity required in alleging the violation of the state law applying to the operation or use of the vehicle. An indictment which merely tracked the statutory language would be insufficient because the appellant would not know which violation of the numerous state laws or municipal ordinances applying to the operation of a vehicle was the proximate cause of the death. Had the indictments in the instant case merely tracked the language of the statute and recited the code section (§ 32-5A-192(a)), Smith v. State, [435 So.2d 158 (Ala.Cr.App. 1983),] would be analogous; however, Smith is distinguishable from the case at bar. In Smith, the intoxicant was an element of the offense, and failure to aver it rendered the information void. Here, the intoxicant is not an element of the offense of vehicular homicide."
Fields at 479-80.
The indictment in the present case sufficiently averred the violated statutes. Fields. It also adequately informed the appellant of the crime for which he was charged and against which he must be prepared *Page 892 
to defend. See Hardy v. State, 409 So.2d 996
(Ala.Crim.App. 1982); Wilder v. State, 401 So.2d 151
(Ala.Crim.App.), cert. denied, 401 So.2d 167 (Ala.),cert. denied, 454 U.S. 1057, 102 S.Ct. 606,70 L.Ed.2d 595 (1981).
 II
The appellant next contends that the trial court erred in admitting the results of a blood alcohol test because he was not under arrest when the blood sample was taken. The record reveals that the appellant was brought to the Knollwood Hospital Emergency Room after the accident which caused the victim's death. The attending physician, Dr. Deanna Crozier, testified that, when the appellant was brought to the hospital, he was having trouble with his memory and that she believed he could have a closed head wound or a concussion. The appellant was examined and X-rayed, and Dr. Crozier ordered a blood sample. She testified that the blood alcohol test was done "to determine if that was the reason why he was having trouble remembering." (R. 119). She further testified that the blood test was ordered as a matter of routine medical procedure for a person with head trauma.
Since Dr. Crozier ordered the blood test and since the test was part of the hospital's routine medical procedure, there was no state action violating the appellant's rights. See ExParte Radford, 557 So.2d 1288 (Ala. 1990); Allen v.State, 539 So.2d 1124 (Ala.Crim.App. 1988); Veaseyv. State, 531 So.2d 320 (Ala.Crim.App.), cert.denied, 531 So.2d 323 (Ala. 1988). See also Schmerberv. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908
(1966).
It is not clear from appellant's brief whether he also contends that the witness who drew the blood sample and ran the test was not qualified to testify on these matters. This argument, however, also has no merit.
Dorothy Irvine Wells testified that she was a registered medical laboratory technologist. She testified that she drew the appellant's blood and performed the blood alcohol test using the Dupont Automatic Chemical Analyzer Machine. She stated that use of the machine was scientifically accepted as a reliable and accurate method. Considering the testimony and the appellant's objections, we find that the trial court did not err in admitting the results of the blood alcohol test.
 III
The appellant next contends that the trial court erred in admitting into evidence a photograph of the deceased taken at the scene of the accident. This argument has no merit. The admission of such a photograph is within the sound discretion of the trial judge, and we find no abuse of discretion in its admission. See Magwood v. State, 494 So.2d 124
(Ala.Crim.App. 1985), affd, 494 So.2d 154 (Ala.), cert.denied, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599
(1986). See also, Wicker v. State, 433 So.2d 1190
(Ala.Crim.App. 1983).
We point out to the appellant that the first objection to the photograph (exhibit 13) was sustained only on the basis of an improper predicate. The second objection the appellant refers to was sustained as to a photograph of the deceased prior to an autopsy (exhibit 14). The stipulation agreed to by the appellant was in reference to that photograph (exhibit 14) and not the photograph that the appellant refers to in his brief. The photograph of the deceased at the scene of the accident (exhibit 13) was admitted when the proper predicate was laid.
 IV
The appellant finally contends that the conviction is due to be reversed because of prosecutorial misconduct. The record reveals that in four of the instances cited by the appellant, his objections were sustained. Thus, there were no adverse rulings from which the appellant may appeal. See Ringer v.State, 501 So.2d 493 (Ala.Crim.App. 1986); Stewartv. State, 398 So.2d 369 (Ala.Crim.App.), cert.denied, 398 So.2d 376 (Ala. 1981). In one of these instances, the court offered to give the jury a curative instruction, but the appellant refused. *Page 893 
In another instance, the court immediately instructed the jury to disregard the improper remarks; thus, there was no ineradicable prejudice to the appellant. See, e.g., Cole v.State, 548 So.2d 1093 (Ala.Crim.App. 1989); Ringerv. State, 489 So.2d 646 (Ala.Crim.App. 1986).
The appellant failed to timely object to the two other instances he cites as reversible error and, thus, has failed to preserve those issues for review. Moore v. State,457 So.2d 981 (Ala.Crim.App. 1984), cert. denied,470 U.S. 1053, 105 S.Ct. 1757, 84 L.Ed.2d 820 (1985); Trawickv. State, 431 So.2d 574 (Ala.Crim.App. 1983). Even if these objections had been properly raised, they would not have merited a reversal. See, e.g., Ringer v. State,501 So.2d 493 (Ala.Crim.App. 1986).
For the reasons set out above, this case is due to be, and is it hereby, affirmed.
AFFIRMED.
All the Judges concur.